FLORENCE C. EVANS, PETITIONER-RESPONDENT, v.
LENOX, INCORPORATED, RESPONDENT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 30, 1972—Decided November 29, 1972.

Before Judges FRITZ, LYNCH and HANDLER.

*Mr. Robert Neustadter* argued the cause for petitioner-respondent (*Messrs. Perskie & Neustadter,* attorneys).

*Mr. James D. Carton, III,* argued the cause for respondent-appellant (*Messrs. Carton, Nary, Witt & Arvanitis,* attorneys).

PER CURIAM. Petitioner was awarded a judgment in the Workmen's Compensation Division. It was affirmed by the Atlantic County Court, pursuant to a letter opinion by Judge Horn, dated November 30, 1971. The employer appeals from that judgment.

The issue to be resolved was whether or not plaintiff's work effort contributed in a material degree, either as a precipitating cause or by way of aggravation, to the onset of a stroke suffered by petitioner.

■■ On appeal before this court we are not required to undertake an independent review and evaluation of the evidence. Rather our function is to determine whether the findings made could reasonably have been reached on sufficient credible evidence present in the record. *Close v. Kordulak Bros.,* 44 *N. J.* 589 (1965); *Jackson v. Concord Co.,* 54 *N. J.* 113, 117 (1969). In this case, petitioner's treating

physician expressed the opinion that she had been under tension at work because of inability to equal the average departmental efficiency rate, having to re-do her work if it was not perfect and that she had also been working overtime while under tension. He testified that these conditions affected and aggravated respondent's hypertension, and ultimately developed into the stroke involved. The appellant-employer argues that a close analysis of his opinion testimony demonstrates a hypothesis which lacks factual basis in the record. While petitioner's condition unquestionably diminished her ability to testify as coherently as she might have had she suffered no stroke, we think her testimony plus the other evidence in the record was adequate to overcome the suggestion of this argument.

Defendant's expert, upon cross-examination, admitted that he could not say "that there is any more of a finding [sic] of no causal relationship than there is a finding that there is a causal relationship."

Under the standards of review set forth, we find that there is sufficient credible evidence in the whole record to justify the conclusion below.

Affirmed.